UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN J. HANYON,

                                Plaintiff,

                                                                                         3:25-cv-212 (BKS/TWD)

v.

UNITED STATES, et al.,

                                Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Steven J. Hanyon
Port Crane, New York

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Steven J. Hanyon filed this action pro se against the United States, the State of New York, Express Auto Credit, and Universal Instruments. (Dkt. No. 1 (complaint); Dkt. No. 16 (amended complaint); Dkt. No. 18 (second amended complaint)). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 7). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on April 15, 2025, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's complaint, amended complaint, and second amended complaint be dismissed without prejudice for failure to state a claim and for lack of subject matter jurisdiction but that Plaintiff be granted leave to amend. (Dkt. No. 36). Magistrate Judge Dancks informed Plaintiff that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object to the Report-Recommendations within fourteen days would preclude appellate review. (Dkt. No. 36, at 15–16). Plaintiff filed a two-page motion to

dismiss, (Dkt. No. 39), and a three-page motion for summary judgment, (Dkt. No. 40), but did not file any objections to the Report-Recommendation.

In an abundance of caution, the Court has reviewed Plaintiff's motion to dismiss and motion for summary judgment to determine whether they could be read to contain objections to the Report-Recommendation. The motion to dismiss is comprised of citations to several provisions of the United States Code, but contains no objections and is devoid of factual allegations that would suggest a plausible claim for relief. (*See*, *e.g.* Dkt. No. 39, at 1 ("I order the Court to dismiss due to corruption in the public that has serve against me supporting me getting hurt in a illegal dual because I do not have a firearm 54 U.S. Code § 104906 - Protection of right of individuals to bear arms. The 2d amendment to the Constitution provides that the right of the people to keep and bear Arms, shall not be infringed all over a feminist hate crime 18 U.S.C. § 249.") (quotation marks omitted))). The summary judgment motion likewise fails to assert any objection to the Report-Recommendation or suggest a basis for relief. (*See*, *e.g.*, Dkt. No. 40, at 2 ("[W]hoever is blacklisting me former employers, the State of New York to stop because I love to work and have better health care for myself, why should the people pay for my health care that can't cover me very well with my medical conditions and public assistance, it's not the peoples [sic] crime meaning not their penalty 31 U.S. Code § 3711.") (quotation marks omitted))).

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety, including

Magistrate Judge Dancks' recommendation that Plaintiff be given leave to file a third amended complaint. The Court also adopts Magistrate Judge Dancks' instructions regarding the filing of a third amended complaint, which bear repeating here:

> The Court advises Plaintiff [that any amended pleading] must clearly be labeled "Third Amended Complaint" and bear the docket number, 3:25-cv-0212. The pleading must be signed and comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must set forth all of the claims he intends to assert and must demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. He must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts. The third amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)). Piecemeal pleadings are not permitted. *See* L.R. 15.1. Of course, Plaintiff may also pursue his claims in state court if appropriate.

(Dkt. No. 36, at 14–15).

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 36) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint, amended complaint, and second amended complaint (Dkt. Nos. 1, 16, 18) are **DISMISSED without prejudice** for failure to state a claim and for lack of subject matter jurisdiction; and it is further

**ORDERED** that as there is no viable complaint, Plaintiff's motion to dismiss (Dkt. No. 39) and motion for summary judgment (Dkt. No. 40) are **DENIED as moot**; and it is further

**ORDERED** that the "Property Judgment," (Dkt. No. 46), Plaintiff filed is stricken from the docket as it seeks no apparent relief; and it is further

**ORDERED** that any third amended complaint must be filed **within thirty (30) days** of the date of this Order. Any third amended complaint must be a complete pleading which will replace the current complaint(s) in total and must comply with the directions in the Report-Recommendation and this Order; and it is further

**ORDERED** that if Plaintiff timely files a third amended complaint, it shall be referred to Magistrate Judge Dancks for review; and it is further

**ORDERED** that if Plaintiff fails to file a timely third amended complaint, the Clerk shall close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 27, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge